***********
The Full Commission reviewed the prior Order, based upon the record of the proceedings before Deputy Commissioner Harris and the briefs before the Full Commission. This case was heard before Deputy Commissioner Harris in Butner, North Carolina, on February 8, 2008. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter came before Deputy Commissioner Robert Rideout on defendant's Motion to Dismiss with Prejudice on September 25, 2006, via a video conference. Specifically, *Page 2 
defendant moved to dismiss based on plaintiff's allegation of an intentional act and lack of subject matter jurisdiction. Deputy Commissioner Rideout filed a Decision and Order on October 9, 2006, denying defendant's Motion to Dismiss plaintiff's claim.
2. Plaintiff alleged in the Tort Claim Affidavit filed with the North Carolina Industrial Commission that on February 3, 2003, while a prisoner on segregation at Avery Mitchell Correctional Institutional, he was deprived of 77 family photographs by Correctional Officer Buchanan.
3. On April 17, 2008, Deputy Commissioner Harris held that Defendant, through its employee, Officer Buchanan, owed plaintiff a duty not to lose his personal property once it was confiscated, breached its duty, and owed him $200.00 for his damages.
4. Plaintiff filed an appeal on April 29, 2008, requesting $5000, as opposed to $200 ordered by the court, for his damages.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Defendant, through its employee Officer Buchanan, owed Plaintiff a duty of reasonable care not to lose his personal property once it was confiscated. In losing Plaintiff's photographs, Defendant breached the duty of reasonable care.
2. Defendant's breach of its duty of reasonable care has caused a loss for Plaintiff, and he is entitled to receive monetary compensation for said loss. Plaintiff has not introduced any new evidence to prove that he is owed more than the awarded $200.00.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission *Page 3 
enters the following:
 ORDER
1. Defendant SHALL pay compensation to Plaintiff in the amount of $200.00.
2. No costs are taxed as inmate Alston was permitted to file this civil action in forma pauperis.
This the __ day of January, 2009.
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA YOUNG CHAIR *Page 1